## WHITE v. PANOLA COUNTY.

The county is not liable for provisions for the jury in a criminal case, where they are kept together by order of the Court.

Where the Court, in a criminal case, ordered the Sheriff to keep the jury together, and furnish them with a room, provisions, &c., and the Sheriff presented an account, without specifying items, of $78, to the County Court, which was rejected, whereupon the Sheriff sued the County, and it was admitted that by reason of said direction or order, the Sheriff had incurred the expense of $78, it was held that the County was not bound for so much as was for provisions, and that as it did not appear how much was incurred for other proper objects, the judgment against the whole claim was correct.

Appeal from Panola. " Statement of facts agreed upon. " It is agreed that at the July Term of the District Court of " Panola County, 1853, the Judge then presiding ordered the " Sheriff of said county, W. M. White, (the plaintiff,) not to " permit the jury, in a State case, then being tried in said " Court, to disperse or separate, and to provide for them a " room to stay in, and to furnish them with provisions, &c. It " is further agreed that the Sheriff, by reason of said direc- " tion, incurred the expense of seventy-eight dollars for the " jury, which was charged to him, but which was not paid at " the commencement of this suit, and is not yet paid. It is " further agreed that this claim was made out and duly pre- " sented to the County Court of said county, and by said " Court rejected."

*W. R. Poag*, for appellant. Our assignment of error is that the Court erred in its judgment. We contend that it did so. (*Vide* Hart. Dig. Art. 309, 2878.)

That the County Court had jurisdiction to allow this claim is apparent from Art. 309. That the county is liable for all expenses of the District Court in the ordinary and legal administration of justice, is apparent to the Court, except per-

haps, the salaries of the Judges and District Attorneys. That when the Judge orders the Sheriff to do any act, reasonable in itself and violative of no law of the State, it is his duty to perform said order, in any reasonable manner that will accomplish the desired end, and upon his showing that he, has done it, the county becomes liable to pay all reasonable expenses he has incurred, we respectfully submit, under the Court's general knowledge of the duties of Sheriffs and the articles already cited from Hartley's Digest.

HEMPHILL, CH. J. This suit is by the Sheriff of Panola County, to recover the sum of seventy-eight dollars, for expenses incurred by him in keeping and lodging a jury, under an order of the District Court directing him to prevent them from separating, to provide them with a room, furnish them with provisions, &c.

This account, being presented to, and rejected by the County Court, was sued before a magistrate, and judgment thereon had. The cause being removed to the District Court, and a jury being waived, judgment was for defendant, and the plaintiff has appealed.

To sustain the appeal, the plaintiff relies upon Articles 309 and 2878. By the first, among other matters, it is provided that the County Court shall provide Court Houses, jails and all necessary public buildings, and allow all county accounts ; and by the latter, that it shall allow all reasonable expenses incurred by the Sheriff in the performance of his duty.

There is no doubt that under these powers and duties, the County Court would be liable for any necessary or reasonable expenses incurred by a Sheriff, in providing a room for a jury, and in furnishing them with fire, water, stationary, &c., and also for the attendance of a bailiff. These articles are or may be indispensably necessary to the jury, in the discharge of their duties, and come legitimately within the scope of such expenses, incurred by the District Court in the administration of justice, as must be provided for by the County Court.

But I am not aware of any law or usage which would require the county to furnish the jury with provisions.

This charge is one which is borne by the jury themselves; and an order to furnish the jury with food does not import that this is to be done at the expense of the county, but that as they are not permitted to separate, the Sheriff must take care that their provisions are duly received by them. A charge against a county, for the board and lodging of juries, might very easily be magnified into a burthen quite too grievous to be endured.

There are no items in this account; and on that score, it is decidedly objectionable. It is impossible to separate that which is reasonable, in the charge, from that which is unreasonable; and as presented, there was no error in the rejection of the whole claim.

Judgment affirmed.