THE JUSTICES OF THE INFERIOR COURT OF RICHMOND COUNTY, vs. THE STATE, Ex. Rel., LEMUEL DWELLE, SR., defendant in error.

The county is not liable to pay a person for food and lodging furnished by him to a jury; and this although he may have been ordered by the Court to charge his account to the county.

Mandamus, in Richmond Superior Court. Decision by Judge HOLT, at October Term, 1857.

At the April Term, 1857, of Richmond Superior Court, Judge Holt ordered, that the petit jurors, while engaged and detained in the trial of criminal cases, be furnished with food and lodging. By virtue of this order, the Sheriff engaged or made arrangements with Lemuel Dwelle, Sr., to provide the jurors with said board and lodging, who, at the termination of the Court, rendered his account therefor, amounting to $186, which was allowed by the presiding Judge. Dwelle afterwards presented his account for payment to the Inferior Court, who refused to pay the same, and he therefore applied to the Superior Court for a mandamus to compel said Inferior Court to grant him an order upon the county Treasurer for the payment of his account.

In answer to the *rule nisi*, the Justices of the Inferior Court showed for cause,

1st. That there was no funds in the treasury for the payment of said demand.

2d. That there was no law requiring or authorizing the payment of said demand.

Upon the hearing, the presiding Judge of the Superior Court held the showing insufficient, and ordered the mandamus to issue. To which decision the Justices of the Inferior Court excepted.

W. T. GOULD, for plaintiff in error.

W. G. JOHNSON, for defendant in error.

Justices Richmond Inf. Court vs. The State.

*By the Court.*—BENNING, J. delivering the opinion.

· We do not know of anything, in any law, that makes the county liable to pay for the food and lodging furnished to a jury.

It is not contended, that there is anything having this effect, in the common law. ·

But it is said, that there is something having the effect, in the Act of 1831, to amend the oath of bailiffs. But surely that cannot be true, rather the reverse of it must be true. The second section of the Act is in these words : "whenever it shall so happen, that the jury is confined in the investigation of any case, for a length of time, which exposes them to hunger or cold, the Court may, on application from said jury, direct them to be furnished, at their own expense, with such nourishments as in his own judgment may seem just and proper, and permit them to have provisions or fire, or either, if circumstances should, in the judgment of the Court, require it." *Cobb Dig.*, 554.

Here the idea that the "nourishments" are to be furnished at the expense of the county, is excluded.

The oath prescribed, is as follows : "You shall take this jury, and all others committed to your charge, during the present term, to the jury-room or some other private and convenient place, where you shall keep them without meat, drink or fire, candle-light and water only excepted, (unless otherwise directed by the Court,") &c.

In this, there is nothing in the least, inconsistent with the second section, nothing that favors the idea, that the jury, in any case, is to be fed and lodged at the expense of the county. It was not insisted that there is any other statute bearing upon the subject.

It was said, however, that some liability of this kind, in the public, is necessary to the administration of justice. But there was a time, when nobody thought that such a liability

exists; a time, when there was no practice or example of laying the expense of feeding and lodging a jury on the public. Yet, during that time, justice was administered. Even up to the present time, it continues true, I believe, of other States of this Union, and also, true of England, that this expense is not laid on the public.

We think, then, that the county of Richmond, was not liable to pay Mr. Dwelle, his account for food and lodging furnished by him to the jury, and consequently that the decision excepted to was wrong.

We do not mean to intimate, that the Court below did not have the power to allow the jury to refresh themselves at their own expense.

Judgment reversed.