BATES vs. INDEPENDENCE COUNTY.

Where the jury is kept together, from day to day, on the trial of a criminal

prosecution, the 'expenses of boarding and lodging them must be treated as a part of the expenses of the court, incidental to the administration of justice, and chargeable to the county : and it is the duty of the circuit judge to audit and settle the account therefor, and certify it to the county court for payment.

*Error to Independence Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

BYERS & Cox, for plaintiff.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

Pending the trial of an indictment for felony, in the Independence Circuit Court, the jurors were placed in the custody of the sheriff, who was directed to keep them together, and to furnish them with food and lodging at the expense of the county.

In obedience to the order of the court, the sheriff took them to the Exchange hotel, in Batesville, whereof Robert Bates was proprietor, procured a room for them, and caused them to be boarded and lodged until they were discharged from the case. Bates made out his account against the county for keeping the jurors, and the bailiff, who attended them, charging $1 per day for each juror, etc., and presented it to the Circuit Judge, for an order upon the County Court for its allowance and payment. The judge, instead of ascertaining that the charges for keeping the jurors, etc., were just and reasonable, and directing the allowance and payment of the account, made an endorsement upon it, in which he stated, in substance and effect, that the County Court was required to pay for the board and lodging of the jury and their bailiff during the trial, but that it was not his duty to say whether the items charged were reasonable or not. That if there was any disagreement between the County Court and the hotel keeper in regard to the reasonableness of the charges, he was aware of no mode of adjusting the matter but to empannel a jury, etc.

The account, with the endorsement made upon it by the

judge, was afterwards presented to the County Court for allowance. It was proven, by Bates, that the sheriff had brought the jurors to his hotel, in pursuance of the order of the circuit judge, that he had boarded and lodged them as stated in the account, and that the charges were usual and reasonable. The County Court, admitting that the charges were reasonable, refused to allow the account, for the reason, as stated in the bill of exceptions, that jurors were allowed a per diem compensation for their services, and that therefore the county was not legally bound to pay for their board and lodging when kept together, in a criminal case, etc. Bates appealed to the Circuit Court, where the cause was submitted upon [an assignment of errors; and the court rendered judgment dismissing the appeal; by which, we suppose, it meant to affirm the judgment of the County Court, the appeal appearing to be regular. Bates brought error.

Accounts for expenses accruing in the Circuit Court, incidental to the administration of justice, and not taxable as costs in particular cases, should be audited and adjusted by the judge of the court for payment out of the county treasury. *Dig. ch.* 50, *secs.* 31, 34; *Jefferson county vs. Hudson*, 22 *Ark.* 600.

In the trial of felonies, the jury are not permitted to separate, and, in protracted cases, it is frequently necessary to furnish them with lodging until they make up and render their verdict, or are discharged for want of agreement, or other cause; and here, where the English practice of starving them into an agreement does not prevail, it is customary and proper to furnish them with necessary food, etc., (*People vs. Olcott*, 2 *J. Cas.* 309.) The costs of procuring lodging and food for the jury, in such cases, is part of the expenses of the court, necessarily accruing in the administration of justice, and, we think, payable out of the county treasury, under the sections of the statute above quoted.

The circuit judge, in his endorsement upon the account of Bates, conceded the liability of the county for the board and lodging of the jury, but seems to have been of the opinion that

it was not his duty to pass upon the reasonableness of the charges; that if there was a disagreement between the hotel-keeper and the County Court, in regard to the charges, the dispute must be settled by a jury, to be called by the County Court. But the statute requires the Circuit Court to "*audit and adjust the account*," which necessarily includes the passing upon the reasonableness of the charges. The jurors are kept together, and furnished with a room, food and lodging, by the sheriff, under the order of the court. The judge is cognizant of the time they are so kept together, and their wants supplied. When the account is presented, if the charges seem to him unusual and unreasonable, it is a simple matter for him to ascertain from the sheriff, the clerk, the attorneys, or other persons present, or within call of the court, whether the charges be such as are customary and reasonable; and if not to reduce them, and certify such sum as may appear to be just.

It turned out, however, in this case, that the items of the account were proven to the satisfaction of the County Court to be reasonable, but the county, contrary to the opinion of the circuit judge, as endorsed upon the account, decided that the county was not legally liable for the expense of boarding and lodging the jury, for the reason that they were entitled to a per diem compensation for their services; and when the matter went again before the circuit judge, on appeal, he seems to have yielded his former opinion as to the liability of the county and coincided with the judgment of the County Court.

The reason given by the County Court for the rejection of the account does seem to us to be satisfactory.

It is true that the law makes provision for a per diem compensation for jurors, and does not expressly provide for them to be kept at the expense of the county in any case: and it was, no doubt, contemplated by the legislature that they would pay their own expenses in attending court; and such is the general rule.

Ordinarily, when the business of the court is closed for the day, jurors are permitted to return to their homes until morn-

ing: or, if living too remote from the court house to go home and return in time, they have the opportunity of availing themselves of the hospitality of their friends, or quartering themselves in such places as their taste and views of economy may dictate. And no doubt the compensation allowed them is fixed in view of these things. But when they are locked up in a criminal case, they are deprived of such privileges. They are taken to such room, and fed and lodged in such manner as the sheriff, in his discretion, may think proper, or may find convenient to provide. In such cases, it has been customary, as far as we are advised of the practice, and we think it is just and right, to treat the keep_ing of them as part of the expenses of the court, incidental to the administration of justice, and chargeable to the county.

The judgment of the Circuit Court must be reversed, and the cause remanded, with instructions to reverse the judgment of the county court, and to try the case anew.