J. CHRISTY WATSON, Respondent, *vs.* MONITEAU COUNTY, Appellant.

1. *Juries—Board and lodging of—County, liability of.*—When a County is liable for the proper costs of a trial, it is liable for the board and lodging of the jury therein, provided by the Sheriff in pursuance of the order of the Court.

*Appeal from Moniteau Circuit Court.*

*Moore & Williams*, for Appellant.

1. Chap. 38, Art. 2, W. S. 348, governs the liability as to what criminal costs shall be paid by the State, County, and the prosecutor, and there can be no liability except that which is imposed by the plain provisions of the Statute. (Phelps County vs. Bishop, 46 Mo., 68.)

2. If it be contended that the board of the jury in this case is simply a matter of contingent expenses, to be paid by the county, the same as fuel, lights, &c., then it follows that the County of Cole would be liable to pay its own contingent expenses, whence this case came by change of venue.

*Owens & Woods*, for Respondent.

1. If any County is liable to pay for this item of board and lodging, Monteau County is the proper party to pay. (W. S. 351, § 19.)

2. There can be no doubt as to the authority of the Circuit Court to make the order it did in reference to the separation of the jury, and for the sheriff to procure board and lodging for said jury, during the pendency of the trial. (McLean vs. State, 8 Mo., 153.) It certainly follows, that if the court had the authority to make the order in question, there is an implied liability, on the part of the County, to pay the necessary expenses incurred in carrying out said order. (Commissioners vs. Hall, 7 Watts, 290.)

NAPTON, Judge, delivered the opinion of the court.

The only question in this case is as to the propriety or legality of an item in a bill of costs in a capital case for the board and lodging of a petit jury during the trial. The court

ordered the jury to be kept together during the trial and not allowed to separate, and to be provided with board and lodging. There is, it seems, no express provision in the statute in relation to such an expense, though there is no question of the power of the court to make such an order, nor is there any controversy in regard to the liability of this County for the proper costs of the trial in this case. It does not appear from the record how the case resulted, whether in acquital or conviction, and it is conceded that Moniteau County is responsible for the costs, but it is denied that this item is properly included in the bill of costs.

In the case of Commissioners vs. Hall, 7 Watts, Gibson, C. J., held a county liable for the expenses of boarding and lodging a jury—although in Pennsylvania, as here, there was no provision in the statute concerning such expense. He considered such expenditures, like that of fuel and lights, incidental to the holding of a court and raising an implied obligation on the part of the County. And the 19th and 20th sections of our statutes, concerning costs in criminal cases, clearly provides, that Cole County (where the case was tried on change venue from Moniteau County) is not liable.

It seems from the record in this case, that the entire bill of costs was certified by the Judge against Moniteau County, and all the items paid except this one. There is, therefore, no point raised as to the liability of the State.

Judgment affirmed. The other Judges concur.