FERNEKES and another vs. THE SUPERVISORS OF MILWAUKEE
COUNTY.

*Liability of county for personal expenses of officer.*

As a general rule officers must defray their personal expenses not provided
for by law *(Crocker v. Brown Co.,* 35 Wis., 284); yet where the jury were
taken to a hotel for meals and lodging during a murder trial, the county
is *held* liable for meals and lodging then and there furnished the deputy
sheriff required to attend constantly upon such jury.

APPEAL from the Circuit Court for *Milwaukee* County.

Plaintiffs presented to the board of supervisors of Milwau-
kee county two accounts, duly verified, for meals and lodging
furnished by plaintiffs, as hotel keepers, to the jurors in certain
murder trials, and the deputy sheriffs in charge of them, under
the order of the municipal court, in which such trials were
had. The board disallowed so much of the accounts as was
for meals and lodging furnished to the deputy sheriffs; and
from this disallowance plaintiffs appealed to the circuit court.
From a judgment of that court in plaintiffs' favor, defendant
appealed.

*Jared Thompson, Jr.,* for the appellant, argued that at the
time of the first of the two trials above mentioned, ch. 274 of
1873, and at the time of the second, ch. 94 of 1873, was in force
in Milwaukee county (see ch. 358 of 1876), the former giving
the deputy a *per diem* of four dollars, and the latter a *per diem*
of two dollars, for attendance upon the court; that such pro-
visions are not to be enlarged by intendment or implication
(Tay. Stats., 1536–7, §§ 82, 84; *Irwin v. Comm'rs, etc.,* 1 S.
& R., 505; *Bussier v. Pray,* 7 id., 447; *Gallagher v. Neal,* 3
Penn., 183); and that public officers take their offices *cum onere,*
and services required of them by law, for which they are not
specifically paid, must be considered compensated by the fees
allowed for other services. *Crocker v. Brown Co.,* 35 Wis., 284.

*James Hickcox*, for the respondent, to the point that in trials for what were formerly known as capital offenses, the jury must be kept together, and therefore in charge of an officer, cited *Keenan v. The State*, 8 Wis., 132; *Rowan v. The State*, 30 id., 129; *State v. Dolling*, 37 id., 396.

COLE, J.   The controverted items in the accounts of the plaintiffs were the charges for meals and lodging furnished the deputy sheriffs who attended upon the juries in the two murder trials.   That the meals and lodging were actually furnished such deputies, and were reasonably worth the sums charged for them, are facts admitted by the learned counsel for the county; as it was also admitted that the deputies took charge of such juries by order of the municipal court.   It was the duty of the deputy sheriffs, in obedience to the order of the court, to attend upon and take charge of the juries, from time to time, during the trial, and to keep them together until they had agreed upon their verdict or were otherwise discharged. From the necessity of the case, the deputies had to be in constant attendance upon the juries, and could not properly leave them, and go to their homes for meals and lodging.   It appears that the juries were taken to the hotel of the plaintiffs for meals and lodging, and that meals and lodging were furnished to the deputies while thus in attendance upon them. Under these circumstances, we think the county is liable for the meals and lodging furnished the officers, necessarily in attendance upon the juries.   It is true that, at the time of the Spellen trial, deputy sheriffs in Milwaukee county were entitled to a *per diem* fee of four dollars, which, it is said, was a liberal compensation for all services required of them by law. As a general rule, officers take their offices *cum onere*, and must defray their own personal expenses, such as hotel bills, railroad fares, etc.   But we think the case presented is an exception to that rule, and does not come within the doctrine of *Crocker v. Supervisors of Brown Co.*, 35 Wis., 284.   The

juries likewise received a *per.diem*, and yet the county board paid, without dispute, for meals and lodging furnished them. We think the same liability on the part of the county applied to meals and lodging furnished the officers in charge of the juries. It would be proper for the trial court, in these murder cases, to give some order or direction for furnishing meals and lodging to the jury and officer in attendance upon them, in some suitable place, so that the jury might always be under the charge of an officer.

*By the Court.*— The judgment of the circuit court is affirmed.