(Decided 13th January, 1882.)

---

# THE COUNTY COMMISSIONERS OF ALLEGANY COUNTY *vs.* THE COUNTY COMMISSIONERS OF HOWARD COUNTY.

*Meals furnished Jurors in Removed Cases—Construction of Art. 27, sec. 1, of the Code.*

Money paid by the county, where a case was tried, removed from the Court where it originated, for meals furnished to jurors empanelled to try such case, and to the bailiff who had the jurors in charge, was properly recoverable by the county where the case was tried, from the county where the case originated, under Art. 27, sec, 1, of the Code.

Co. Comm'rs of Allegany Co. *vs.* Co. Comm'rs of Howard Co.

APPEAL from the Circuit Court for Allegany County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, ALVEY and MAGRUDER, J., for the appellee, and submitted on brief for the appellant.

*William Brace,* and *B. A. Richmond,* for the appellants.

*Joseph D. McGuire,* for the appellees.

GRASON, J., delivered the opinion of the Court.

This case was tried before the Circuit Court for Allegany County, without a jury, on an agreed statement of facts; all errors of pleading were waived and a right of appeal to this Court was reserved. The judgment having been rendered in favor of the plaintiffs, the defendants appealed.

The suit was brought to recover ninety-eight dollars, which amount was paid by the appellees for meals furnished the jurors empanelled to try the case of *Boyden vs. The Baltimore and Ohio Railroad Company,* which was begun in Allegany County, and tried in the Circuit Court for Howard County, and to the bailiff who had them in charge, and for the further sum of two dollars, being one day's *per diem,* paid by the appellees to the sheriff of Howard County, for attendance at Court during the trial of the suit of *McNamee vs. Minke,* which was also removed from Allegany County to Howard County, and tried in the last named county. It was admitted that both these sums had been paid by the appellees before this suit was begun.

Sec. 1 of Art. 27, of the Code provides, that "the costs and expenses incident to the trial of actions, issues and presentments removed from one county to another, which

are properly chargeable to the county, shall be borne and paid by the county from which the same are removed." The question presented by this record, therefore, is, whether the items sued for are costs and expenses which are properly chargeable to the county.

This Court has said in the case of *The County Commissioners of Howard County vs. The County Commissioners of Frederick County*, 30 *Md.*, 432, that "the plain meaning of the language of the section under consideration," (it being the section now under consideration) "is, that all costs and expenses incurred during the time occupied in the trial of a removed case, either civil or criminal, or occasioned by, or resulting from such trial, which the county is, by law, required to pay, shall be paid by the county where the case originated." In ancient times, after a case was submitted to the jury and the bailiff had been sworn, the jury were kept locked in their room, without meat or drink, until they had agreed upon a verdict. But this rigorous rule has been greatly relaxed, if not entirely abandoned, and for many years past it has been the practice of the Courts to keep jurors together, especially in capital cases, and to furnish them with their meals at the public expense, even before the case is closed and the bailiff sworn, and in both criminal and civil cases to so furnish them with necessary and reasonable meals after they are locked up in their room to consider of their verdict. After the bailiff has been sworn and the jury have been locked in their room, they are no longer at liberty to order or have their own meals, or to regulate their own movements; but are under the immediate control and charge of the Court in these respects, and cannot have anything to eat unless by order of the Court, which, in the exercise of a sound discretion, may order necessary and reasonable meals for them as well as for the bailiff who has them in charge, and the County Commissioners are bound to pay the costs of the same. *Commonwealth vs. Clue*, 3 *Rawle*, 498.

No question with respect to the *reasonableness* of the charges for the meals furnished, appears to have been raised in the Court below; nor does it appear from the agreed statement of facts that such a question was intended to be raised. On the contrary, it is therein stated that "the object of the suit is to determine *whether or not these are proper expenses to be recovered by the County where the cases were tried from the County where the cases originated.*" The question presented, therefore, is not whether the charges were reasonable; but is a pure question of law, and that is, whether charges for meals furnished jurors are such costs and expenses as the county, from which a case is removed, is legally liable to pay under sec. 1 of Art. 27 of the Code; and this is the only question properly before this Court for review.

The Court below entered judgment for ninety-eight dollars, the amount of the charges for the meals furnished, and not for the other item of two dollars also claimed, but as the plaintiffs did not appeal, the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*

(Decided 19th January, 1882.)