(December 28, 1915.)

GOLDEN MARGUERITE SILVER & COPPER MINING COMPANY, LTD., Respondent, v. NATIONAL COPPER MINING COMPANY, LTD., Appellant.

[154 Pac. 207.]

MINING CLAIMS—APPLICATION FOR PATENT—ADVERSE CLAIM—SUIT ON ADVERSE CLAIM — COSTS AND DISBURSEMENTS — STATUTORY CONSTRUCTION.

1. Under the statutes of this state, only such costs as are necessarily incurred in an action or proceeding in the courts of this state are chargeable against the losing party as costs, unless the statute clearly provides that other necessary disbursements may be charged up as costs in an action or proceeding.

APPEAL from the District Court of the First Judicial District in and for Shoshone County. Hon. Wm. W. Woods, Judge.

Costs and disbursements in an action in maintaining a proceeding on an adverse claim to mining ground. Motion to tax costs denied. *Reversed.*

John P. Gray and Therrett Towles, for Appellant.

The allowance of costs is a matter dependent wholly upon the statute, and where there is no statute authorizing it, no costs can be allowed. (*Cronan v. District Court*, 15 Ida. 462, 465, 98 Pac. 614; *Schmelzel v. Board of County Commrs.*, 16 Ida. 32, 133 Am. St. 89, 100 Pac. 106, 21 L. R. A., N. S., 199, 17 Ann. Cas. 1226; *Steensland v. Hess*, 25 Ida. 181, 185, 136 Pac. 1124; *State v. Union Trust Co.*, 70 Mo. App. 311; *Ford v. Louisville, N. O. & T. R. Co.*, 45 Fed. 210.)

The term "costs and disbursements" has a settled and technical meaning, and signifies the statutory costs and the disbursements taxable in favor of the prevailing party in a civil action. (*Brown v. Fitcher*, 91 Minn. 41, 97 N. W. 416; *Lucas v. Brown*, 127 Mo. App. 645, 106 S. W. 1089.)

A. G. Kerns, for Respondent, cites no authorities.

SULLIVAN, C. J.—This is an action brought under the provisions of sec. 2326, Rev. Stats. of the U. S., in support of an adverse claim against an application for patent to certain mining ground. The appeal is from an order of the court taxing costs. The items of the memorandum of costs which the court allowed and from which order this appeal is taken are as follows:

"To filing fees paid the land office on filing protest
    and adverse claim.............................$10.00
To paid for certified copy of notice for the land office  1.50
To paid for copy of articles of incorporation for the
    land office...................................  2.50
To paid for abstract of title for the land office..........  4.00

                 Total.........................$18.00"

The judgment was in favor of the adverse claimant and awarded the area of conflict to the adverse claimant. After

judgment was entered the adverse claimant, who is respondent here, filed his memorandum of costs and taxed, among other costs, the above set forth items.   The allowance of said items of cost is assigned as error.

The contention of appellant is that the allowance of costs is a matter dependent wholly upon the statute, and where there is no statute authorizing it, no costs can be allowed, and he cites in support of that contention *Cronin v. District Court,* 15 Ida. 462, 98 Pac. 614, *Schmelzel v. Board of County Commrs.,* 16 Ida. 32, 133 Am. St. 89, 100 Pac. 106, 21 L. R. A., N. S., 199, 17 Ann. Cas. 1226, *Steensland v. Hess,* 25 Ida. 181, 136 Pac. 1124, and other authorities on the proposition that statutes allowing costs are penal, and must be strictly construed, and appellant also contends that costs expended in the United States Land Office in support of an adverse claim under the provisions of said sec. 2326, Rev. Stats. of the U. S., cannot be recovered in a suit in the district court of this state.

Under the provisions of sec. 4912, Rev. Codes, the party in whose favor the judgment is rendered and who claims his costs must, within five days after the verdict or notice of the decision of the court or referee, file with the clerk, and serve upon the adverse party or his attorney, a copy of the memorandum of the items of his costs and necessary disbursements in the action or proceeding.   This section of the statute, as well as other sections, refers only to such costs and disbursements as are occasioned in the action or proceeding in the courts of this state, and does not contemplate costs occasioned by proceedings in the United States Land Office.

We conclude, therefore, that the court erred in allowing the items of cost above mentioned, since they were all incurred on account of proceedings in the United States Land Office.

The order of the district court must therefore be reversed and the cause remanded, with instructions to sustain the motion and disallow the items of cost above mentioned, amounting to $18.   Costs are awarded to appellant.

Budge and Morgan, JJ., concur.