

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 29, 1939

*overruled by, amended*
*Article 1038 CCP 1953*

Mr. R. V. Rayford
County Auditor
Rusk County
Henderson, Texas

Dear Sir:

Opinion No. 0-867
Re: Can the county pay jurors who
are in the custody of the
sheriff $3.00 per day and pay
for their meals in addition?

Your request for an opinion on the above stated
question has been received by this office.

Article 2122, Revised Civil Statutes, reads as
follows:

"Each juror in the district or county
court at law shall receive three dollars
for each day or fraction of a day that he
may attend as such juror, to be paid out of
the jury fund of the county by the county
treasurer upon the certificate of the clerk
of the court in which such service is render-
ed, stating the service, when and by whom
rendered, and the amount due therefor. Such
certificates may be transferred by delivery
and shall be receivable at par from the hold-
er for all county taxes."

Article 1056, Code of Criminal Procedure, reads
as follows:

"Each juror in the district or criminal
district court, county court, or county court
at law, except special veniremen whose pay
is now fixed by law, shall receive three dol-
lars for each day and for each fraction of a

day that he may attend as such juror, to
be paid out of the jury fund of the county
in which he may so serve. Jurors in jus-
tice courts who serve in the trial of crim-
inal cases in such courts shall receive
fifty cents in each case they sit as jurors,
provided that no juror in such court shall
receive more than one dollar for each day
or fraction of a day he may serve as such
juror. Grand jurors shall each receive three
dollars for each day and for each fraction
of a day that they may serve as such."

Article 1038, Code of Criminal Procedure,
reads as follows:

"Each county shall be liable for the
expense of food and lodging for jurors
impaneled in a felony case, but no script
shall be issued or money paid to the jurors
whose expenses are so paid."

Article 1039, Code of Criminal Procedure, pro-
vides:

"A juror may pay his own expenses and
draw his script; but the county is responsi-
ble in the first place for all expense in-
curred by the sheriff in providing suitable
food and lodging for the jury, not to exceed
two dollars a day."

Compensation for service as a juror is not a
common law right, but is purely statutory, and in the
absence of statute compensation cannot be recovered.
Where in the trial of criminal cases the jurors are not
allowed to separate but are confined and kept together,
it has been held that the expenses of their board and
lodging during such confinement cannot, in the absence
of statute, be charged either against the state or the
county; however, the contrary has been held in a number
of cases, notwithstanding the jurors where receiving
a per diem allowance. The ground for these opinions
is that a juror should not be required to pay his own

Mr. R. V. Rayford, May 29, 1939, Page 3

expenses except when he is left free to select his mode of living, and that where by the exigencies of the case he is deprived of this privilege and compelled to live at the discretion of the court, such expense becomes incidental to the administration of justice, and like other incidental expenses of the court should be charged against the county. Bates vs. Independent County, 23 Ark. 722; Stowell vs. Jackson County, 56 Mich. 31; Lycoming County vs. Hogg, Pa. 7, 290; C. J., Vol. 35, p. 312.

We have been unable to find any Texas cases where the question we now have under consideration has been passed upon by the courts. However, as above stated, the right of compensation for service as a juror is purely statutory.

Articles 1038 and 1939, supra, do not provide for compensation in addition to the compensation provided for and allowed by Articles 2122 and 1056, supra. Article 1038, Code of Criminal Procedure, supra, specifically provides that no script shall be issued or money paid to the jurors whose expenses are paid by the county, and Article 1039, Code of Criminal Procedure, supra, provides that a juror may pay his own expenses and draw his script.

Under the above mentioned statutes, we think that in the event a juror was not able to pay for his meals, the county would be responsible in the first place for all expense incurred by the sheriff in providing suitable food and lodging for the juror, not to exceed two dollars a day. Article 1038 and Article 1039 do not provide for extra compensation or compensation in addition to the compensation allowed by Article 2122 and Article 1056, supra, but merely provide that the county shall be liable for the expense of food and lodging for jurors impaneled in a felony case and when such expenses are paid no script shall be issued or money paid to the juror when the county pays such expenses.

You are respectfully advised that it is the opinion of this department that the county cannot pay for the meals of jurors who are in the custody of the sheriff in addition to the three dollars per day allowed by law and that no extra or other compensation can be paid except the three dollars per day as allowed by Articles 2122 and 1056.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN